IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAMZAT ABDULHAMMED KANMI,

      Plaintiff,

      v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.

      Defendants.

Case No. 6:25-cv-01228-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiff Hamzat Abdulhammed Kanmi[1] is a Nigerian national residing in the United States who is awaiting approval of his I-485 application seeking an adjustment of status to lawful permanent residence. Frustrated by the one-year delay, he has sued the United States Citizenship and Immigration Services (USCIS) and several officials asserting claims for unlawful withholding and unreasonable delay under the Administrative Procedures Act (APA), 5 U.S.C. §§ 702, 706(1), and the Mandamus Act, 28 U.S.C. § 1361.[2]

Defendants move to dismiss Plaintiff's claim under Rule 12(b)(1) for lack of subject-matter jurisdiction. Defendants argue that the pace of adjudication of I-485 applications falls within the scope of the Immigration and Nationality Act's (INA) jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii). Although the Court sympathizes with Plaintiff and understands his frustration

---

[1]    Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    Plaintiff originally alleged that he had not received his Employment Authorization Document (EAD), but he later filed a supplement stating that he received his EAD. Because Plaintiff has received the relief he requested as to his EAD card, those claims are dismissed without prejudice as moot.

with the complexities of the immigration system, the Court agrees that it lacks jurisdiction over Plaintiff's claims for the following reasons.

The procedural framework for this motion is well understood. Rule 12(b)(1) allows a party to raise the defense of lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A claim is properly dismissed under this rule when a court lacks the statutory or constitutional power to adjudicate the claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A challenge to subject-matter jurisdiction may take two forms: a facial challenge or a factual challenge. *Hinojos v. United States*, 2024 WL 1702841, at *2 (D. Kan. 2024). This case presents a facial challenge, so the Court must accept the allegations in the complaint as true. *Id.* The burden of establishing subject-matter jurisdiction lies with Plaintiff, as the party invoking this Court's jurisdiction. *Id.*

Here, Plaintiff is an alien residing in the United States and seeks to change his status to that of a lawful permanent resident without leaving the United States. He has requested permanent resident status by filing an I-485 application with USCIS but claims Defendants are unreasonably withholding adjudication. Congress gave the Attorney General (whose authority is delegated to the USCIS under these circumstances) the "discretion" to adjust an alien's status to lawful permanent resident under the INA.[3] The statute specifically states:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner <u>may</u> be adjusted by the Attorney General, <u>in his discretion and under such</u>

---

[3] The Court notes that "executive determinations generally are subject to judicial review," and as a result there is a corresponding "presumption" that "review is available when a statute is silent" on the matter. *Patel v. Garland*, 596 U.S. 328, 346-47 (2022) (internal quotation and citations omitted). But this background presumption "may be overcome by specific language in a provision or evidence drawn from the statutory scheme as a whole." *Id.* (internal quotation and citations omitted). Because, as the Court explains in greater detail below, § 1252(a)(2)(B)(ii)'s jurisdiction-stripping language is clear, the "plain meaning of that provision, not [the] interpretative presumption," controls and there is no reason to engage with the presumption. *Id.* (internal quotation and citations omitted) (discussing § 1252(a)(2)(B)(i)).

> regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).

Notably, the statute does not include a timeframe for acting on an I-485 application. And it also strips courts of jurisdiction over actions reserved for the discretion of the executive branch or individual immigration decisions. This jurisdiction-stripping provision states in relevant part:

> [N]o court shall have jurisdiction to review[ ] (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

8 U.S.C. § 1252(a)(2)(B) (emphasis added); *see also Patel*, 596 U.S. at 347 (interpreting § 1252(a)(2)(B)(i)).

Although the Tenth Circuit has not ruled the issue, every circuit court that has considered the issue has held that § 1252(a)(2)(B)(ii)'s impact on pace-of-adjustment claims is clear: Section 1252 strips federal courts of jurisdiction over them. These courts have reasoned that claims challenging the pace at which I-485 adjustment applications are resolved must be dismissed for lack of subject-matter jurisdiction because "the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts." *Cheejati v Blinken*, 106 F.4th 388, 393-97 (5th Cir. 2024); *see also Kale v. Alfonso-Royals*, 139 F.4th 29 (4th Cir. 2025) (joining Third, Fifth, Eighth, and Eleventh Circuits and affirming the district court's judgment dismissing the lawsuit); *Kanapauram v. Director, USCIS*, 131 F.4th 1302, 1306-09 (11th Cir. 2025); *Geda v.*

*Director, USCIS*, 126 F.4th 835, 842-45 (3d Cir. 2025); *Thigulla v. Jaddou*, 94 F.4th 770, 774-79 (8th Cir. 2024). The Court agrees, so the same result is compelled here.[4] *See also Patel v. USCIS*, 2026 WL 145328 (E.D. La. 2026) (reaching same result after helpful analysis).

The Court does not lightly dismiss Plaintiff's frustration and recognizes the hardship caused by delayed adjudication. But, as the Fifth Circuit recently observed: "Federal courts are not a fallback forum for disappointed applicants midstream in their administrative process. Nor does the APA license advisory opinions or premature refereeing of unfinished agency business." *Kewayfati v. Bondi*, 165 F.4th 342, 355 (5th Cir. 2026).

THE COURT THEREFORE ORDERS that Defendants' Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction (Doc. 6) is GRANTED. The Court DISMISSES Plaintiff's claims WITHOUT PREJUDICE. The case is closed.

IT IS SO ORDERED.

Dated: May 20, 2026          /s/ Holly L. Teeter
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff insists that the delay in adjudicating his I-485 is a form of either <u>in</u>decision or <u>in</u>action rather than a <u>decision</u> or an <u>action</u> to which § 1252(a)(2)(B)(ii) applies. But this is the view the appellate authority has rejected. The agency's discretion extends not simply to final decisions about I-485s but extends also to the actions taken as part of the decision-making process "including the pace at which that process is undertaken." *Kanapuram*, 131 F.4th at 1307 (internal quotation and alterations omitted) (quoting *Cheejati*, 106 F.4th at 394 and citing *Geda*, 126 F.4th at 843).